# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:11CR00033 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TIMOTHY SHEPHERD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

Defendant Timothy Shepherd, a federal inmate proceeding without counsel, has filed a motion that he styles as a "MOTION TO MODIFY SENTENCE 18 U.S.C. § 3582(c)(B)."[1] Because the defendant seeks to pursue allegations of ineffective assistance of counsel regarding the calculation of the restitution amount,[2] I construe this submission as a motion to vacate, set aside or correct

---

[1] Shepherd relies on § 3582 as authority for the court to vacate the order of restitution in this case. He is advised that § 3582 authorizes modification of a sentence of imprisonment in select circumstances not present here, and does not authorize alteration of a final order of restitution.

[2] If Shepherd seeks a change in the payment schedule for the restitution amount, based on a change in his financial circumstances, he may file a motion under 18 U.S.C.A. § 3664(k) (West 2000). The court has no authority under § 3664(k) to vacate the restitution order itself, however. *See United States v. McMahon*, No. 99-4239, 2000 WL 1039473, at *3 (4th Cir. July 28, 2000) (unpublished) (finding that § 3664(k) authorizes reduction of scheduled restitution payments, but not reduction of total restitution amount owed). Thus, if Shepherd wishes to pursue his claim that the order of restitution is unlawful based on his attorney's ineffective assistance, § 2255 is the appropriate remedy.

sentence pursuant to 28 U.S.C.A. § 2255 (West 2012) and will address it as such unless the defendant submits his written objection within 10 days from the entry of this order.

A district court must offer a defendant an opportunity to elect whether or not he objects to the court's stated intention to address his post-conviction motion as a § 2255 action. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In deciding whether or not to object to this construction of his motion, the defendant should consider particularly § 2255(f) (setting time limit for defendant to file a § 2255 motion) and § 2255(h) (limiting defendant's ability to file second § 2255).[3]

---

Shepherd also claims that "all monies claimed to have been lost by the utilities provider were paid back, in full," by him. (ECF No. 20, p. 2) Shepherd is advised, however, that the utilities provider is not one of the victims listed in his plea agreement or the restitution order.

[3] These subsections of § 2255 read as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

In accordance with the foregoing, it is **ORDERED** that the defendant is hereby notified that the court intends to address his "MOTION TO MODIFY SENTENCE 18 U.S.C. § 3582(c)(B)" as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255; the clerk is **DIRECTED** to docket the submission as a § 2255 motion; and the defendant is hereby **DIRECTED** to submit to the court within ten (10) days his affidavit or declaration, signed under penalty of perjury, stating whether he objects to the court's intention to address the motion as one arising under § 2255. The defendant is further notified that if he fails to object in this manner, the court shall consider the motion as a § 2255 motion filed

---

> made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . . .
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(f) and (h).

on the date that he delivered the original motion to prison authorities for mailing to this court.

REQUIRED FORMAT FOR COURT SUBMISSIONS: All documents or pleadings submitted to the court must be on 8½ by 11-inch paper, written in ink or dark pencil (no carbon copies), using only one side of the page and leaving one inch of blank space around all sides of the writing. ANY SUBMISSION NOT FOLLOWING THESE REQUIREMENTS MAY NOT BE CONSIDERED BY THE COURT.

If the defendant elects to have the court address the motion as a § 2255 motion or if he fails to object to the construction of his motion as a § 2255 action within the time allotted, the court may direct the government to answer the petition within 60 days.

Following the filing of the government's answer, the defendant shall be provided 21 days in which to file a response and/or additional pleadings. Unless the defendant or the government explicitly requests additional time for additional filings, the case will be considered ripe for disposition 21 days after the filing of the government's answer.

The defendant shall notify the court immediately upon his transfer or release and shall provide his new address. FAILURE TO NOTIFY THE COURT OF

SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

ENTER: July 18, 2012

/s/  James P. Jones
United States District Judge